IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS F. RISELEY,

        Plaintiff,                  No. 2:09-cv-1758 JFM (PC)

    vs.

WARDEN, MULE CREEK STATE PRISON,

        Defendant.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On July 6, 2009, plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's sole allegation is that his property was lost.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

1  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
2  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
3  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
4  deprivations constitute actionable violations of the Due Process Clause.  An authorized
5  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
6  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
7  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

8        In the instant case, plaintiff has not alleged any facts which suggest that the
9  deprivation was authorized.  The California Legislature has provided a remedy for tort claims
10 against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has
11 not attempted to seek redress in the state system, he cannot sue in federal court on the claim that
12 the state deprived him of property without due process of the law.  The court concludes that this
13 claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

14       In accordance with the above, IT IS HEREBY ORDERED that:

15     1. Plaintiff's request for leave to proceed in forma pauperis is granted.

16     2. This action is dismissed as frivolous.  See 28 U.S.C. § 1915(d).

17 DATED: July 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; rise1758.56